UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS RIVERA, individually and on behalf of all other similarly situated individuals, <br><br> Plaintiff, <br><br> - against - <br><br> CANTINA SFORZA LLC and RIZZI LLC d/b/a VIA SFORZA TRATTORIA, DONATO SFORZA, MARIA SFORZA and GIANNI RIZZI, <br><br> Defendants. | **CIVIL ACTION NO.** <br><br><br><br><br> May 15, 2021 |

## COLLECTIVE ACTION COMPLAINT

### I. INTRODUCTION

1. This is an action for compensatory damages, liquidated damages, penalty damages and attorneys' fees brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58, et seq. and Conn. Gen. Stat. § 31-72 (collectively "CMWA").

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

3. This Court has jurisdiction over Plaintiff's CMWA claims pursuant to 28 U.S.C. § 1367 since they are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue is proper in this district under 28 U.S.C. § 1391 because the acts or omissions giving rise to the claims in this Complaint took place in this district.

1

## III. PARTIES

5. Plaintiff, Luis Rivera ("Rivera"), is an individual residing in Fairfield County, Connecticut. At all times relevant to this Complaint, Rivera was an employee of Cantina Sforza LLC and Rizzi LLC d/b/a Via Sforza Trattoria, Donato Sforza ("D. Sforza"), Maria Sforza ("M. Sforza") and Gianni Rizzi ("Rizzi") (collectively "Defendants").

6. Defendant Cantina Sforza LLC is a Connecticut corporation with a principal place of business located at 243 Post Road West, Westport, Connecticut 06880.

7. Defendant Rizzi LLC is a Connecticut corporation with a principal place of business located at 160 Fairfield Woods Road, Apartment 64, Fairfield, Connecticut 06825.

8. On information and belief, Corporate Defendants Cantina Sforza LLC and Rizzi LLC are jointly doing business as Via Sforza Trattoria ("Via Sforza").

9. At all times relevant to this Complaint, Via Sforza was the employer of Rivera and all other similarly situated individuals, as the term is defined in the FLSA and CMWA.

10. On information and belief, Defendant D. Sforza is the CEO and owner of Via Sforza and resides in Fairfield County, Connecticut.

11. At all times relevant to this Complaint, D. Sforza was the individual within Via Sforza with the ultimate and exclusive authority to set the hours of employment, to direct the work and to pay the wages of Rivera and all other similarly situated individuals.

12. D. Sforza's exercise of that authority was the direct cause of Via Sforza's failure to pay wages as set forth below.

13. Accordingly, D. Sforza was the employer of Rivera and all other similarly situated individuals, as that term is defined in the FLSA and CMWA.

14. On information and belief, Defendant M. Sforza is the CEO and owner of Via Sforza and resides in Fairfield County, Connecticut.

15. At all times relevant to this Complaint, M. Sforza was the individual within Via Sforza with the ultimate and exclusive authority to set the hours of employment, to direct the work and to pay the wages of Rivera and all other similarly situated individuals.

16. M. Sforza's exercise of that authority was the direct cause of Via Sforza's failure to pay wages as set forth below.

17. Accordingly, M. Sforza was the employer of Rivera and all other similarly situated individuals, as that term is defined in the FLSA and CMWA.

18. On information and belief, Defendant Rizzi is the manager of Via Sforza and resides in Fairfield County.

19. At all times relevant to this Complaint, Rizzi was the individual within Via Sforza with the ultimate and exclusive authority to set the hours of employment, to direct the work and to pay the wages of Rivera and all other similarly situated individuals.

20. Rizzi's exercise of that authority was the direct cause of Via Sforza's failure to pay wages as set forth below.

21. Accordingly, Rizzi was the employer of Rivera and all other similarly situated individuals, as that term is defined in the FLSA and CMWA.

### IV. COLLECTIVE ACTION ALLEGATIONS

**A.** **The FLSA Class**

22. Rivera brings this action on behalf of himself and all other similarly situated employees, present and former, who were and/or are affected by the actions, policies and procedures of Defendants as described herein.

23. In addition, and in the alternative, Rivera brings this action in his individual and personal capacity, separate and apart from the class claims set forth herein.

24. The FLSA class is defined as follows:

> All current and former employees of Defendants who were employed as kitchen workers at any time after May 15, 2018 through the date of the final judgment.

25. Rivera reserves the right to amend said class definition consistent with information obtained through discovery.

26. Rivera sues on behalf of himself and those members of the FLSA class who have filed or will file with the Court their consents to sue. This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in class action," in that Rivera and the members of the putative class are similarly situated.

27. Defendants have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Rivera and other similarly situated employees and former employees in accordance with the provisions of the FLSA.

## V. **FACTS**

28. From on or about October 2020 through May 2, 2021, Rivera was employed by Via Sforza.

29. Rivera and the other employees of Via Sforza worked in the kitchen as kitchen workers ("Kitchen Workers").

30. Rivera and the other Kitchen Workers were responsible for performing a variety of kitchen tasks, including but not limited to preparing food, cooking food, and washing dishes.

31. Rivera was scheduled to work six days per week.

32. On Mondays, Rivera was scheduled to work at 3 p.m. and worked until 9 or 10 p.m.

4

33. On Tuesdays, Thursdays and Fridays, Rivera was scheduled to work at 3 p.m. and worked until 10 or 11 p.m.

34. On Saturdays, Rivera was scheduled to work at 2 p.m. and worked until 10 or 11 p.m.

35. On Sundays, Rivera was scheduled to work at 11 a.m. and worked until 10 or 11 p.m.

36. On Tuesdays, Thursdays and Fridays, Rivera would be allowed a meal break from 3 p.m. until 4 p.m.

37. On Saturdays and Sundays, despite working for more than 7 and a half consecutive hours, Rivera was not given an uninterrupted meal break.

38. Rivera was paid a regular hourly rate of $13 per hour for all hours worked.

39. Each week, Rivera was paid by a combination of check and currency (cash).

40. These checks only listed the first 40 hours worked by Rivera.

41. On information and belief, the checks given to the other Kitchen Workers employed by Via Sforza also listed only the first 40 hours worked and paid in cash for work performed in cash.

42. The Kitchen workers were also paid at straight time for all work performed after 40 hours.

43. Rivera and all other Kitchen Workers customarily and regularly worked approximately 60 hours per week.

44. Rivera and the other kitchen workers employed by Via Sforza were not paid any overtime compensation at a rate of one-and-one-half times their regular rate of pay for all hours over forty (40) per week, as required by the CMWA and FLSA.

## VI. COUNT ONE - COLLECTIVE ACTION CLAIM UNDER 29 U.S.C. § 216(b) FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND THE FLSA CLASS

45. Based on the foregoing, Defendants' conduct in this regard was a willful violation of the FLSA, in that Defendants knew or should have known that Rivera and all other members of the FLSA class were entitled to be paid one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) per week but failed to do so.

46. Accordingly, Rivera and all other members of the FLSA class are entitled to compensation at one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) per week, liquidated damages, attorneys' fees and court costs, pursuant to 29 U.S.C. § 216(b).

## VII. COUNT TWO - CLAIM FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE CMWA ON BEHALF OF PLAINTIFF

47. Based upon the foregoing, Defendants' conduct in this regard was a willful violation of the CMWA, in that Defendants knew or should have known that Rivera was entitled to be paid one-and-one-half times his regular rate of pay for all hours worked in excess of forty (40) per week, but failed to pay him accordingly.

48. Defendants' conduct in failing to pay Rivera his earned compensation was unreasonable, arbitrary and/or in bad faith, in that Defendants knew or should have known that their employees were entitled to be paid for all hours worked in excess of forty (40) per week at one-and-one-half times their regular rate of pay, but failed to pay them accordingly.

49. Accordingly, Rivera is entitled to compensation at one-and-one-half times his regular rate of pay for all hours worked in excess of forty (40) per week, penalty damages, attorneys' fees, and court costs, pursuant to Connecticut General Statutes §§ 31-68 and 31-72, respectively.

## VIII. <u>DEMAND FOR RELIEF</u>

WHEREFORE, Plaintiff claims, individually and on behalf of all other similarly situated persons:

    a.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have been at any time during the three years immediately preceding the filing of this suit, employed by Defendants as kitchen workers. Such notice shall inform them that this civil action has been filed, the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

    b.    Unpaid overtime wages under the FLSA;

    c.    Unpaid overtime wages under the CMWA;

    d.    Liquidated damages under the FLSA;

    e.    Penalty damages under the CMWA;

    f.    Pre-judgment and post-judgment interest, as provided by law;

    g.    Attorneys' fees and costs of suit under the FLSA and CMWA, including expert fees; and,

    h.    Such other and further relief as the Court deems just and equitable.

Dated: May 15, 2021
New York, New York

Plaintiff, Luis Rivera

**THE LAW OFFICES OF JACOB ARONAUER**

By: <u>*/s/ Jacob Aronauer*</u>
Jacob Aronauer, Esq.
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com
*Attorney for Plaintiff*